

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KC **F I L E D**

JUN 0 5 2007
*Jun 05 2007*
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| G.M. SIGN, INC. | : |
| **Plaintiff,** | : |
| | : |
| v. | : 07CV3141 |
| | : JUDGE KENNELLY |
| COASTAL TRAINING | : MAGISTRATE JUDGE KEYS |
| TECHNOLOGIES CORP. | : |
| **Defendant.** | : |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take note that Defendant Coastal Training Technologies Corp. ("Coastal"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully removes this cause to the United States District Court for the Northern District of Illinois. The grounds for removal are as follows:

1. On December 18, 2006, a civil action was filed by Plaintiff G.M. Sign, Inc. on behalf of itself and those similarly situated against Coastal in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Case No. 06CH2708 ("Complaint"). Coastal is the only named Defendant in this action.

2. On December 18, 2006, Plaintiff G.M. Sign, Inc. filed Plaintiff's Motion for Class Certification ("Motion") in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Case No. 06CH2708.

3.     On May 17, 2007, the Summons, Complaint and Motion were delivered to Coastal. True and correct copies of the Summons and Complaint delivered to Coastal are attached hereto as Exhibit A.

4.     Pursuant to 28 U.S.C. § 1446(a), Exhibit A constitutes all process, pleadings, orders or other papers received by Coastal in this action. There have been no further proceedings in this matter.

5.     This Notice of Removal is timely filed within 30 days after receipt by Coastal of the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b).

FEDERAL QUESTION JURISDICTION

6.     This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and this case may be removed to this Court by Coastal pursuant to 28 U.S.C. § 1441, in that it is a civil action arising under the laws of the United States.

7.     Plaintiff alleges that Coastal sent unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Practices Act, and common law conversion (Complaint p. 2).

8.     The Seventh Circuit Court of Appeals in *Brill v. Countrywide Home Loans, Inc.,* 427 F. 3d 446 (7th Cir., 2005) held that federal courts have original jurisdiction over TCPA claims.

9.     Based on the preceding facts, this Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441.

10.     Plaintiff G.M. Sign, Inc.'s state law claims based on the Illinois Consumer Fraud and Deceptive Practices Act, and common law conversion are so related to the TCPA claim that

they form the same case or controversy under Article III of the United States Constitution thereby making supplemental jurisdiction proper pursuant to 28 U.S.C. § 1367(a).

11.     Coastal states that true and correct copies of this Notice of Removal will be filed with the Clerk in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, promptly after the filing of this Notice of Removal.

12.     Coastal accordingly requests the removal of this case from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, to this Court.

Respectfully submitted,

COASTAL TRAINING
TECHNOLOGIES CORP.

By: _____
One of Its Attorneys

A. Colin Wexler, Esq.
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3700
Chicago, Illinois 60603
(312) 201-4000

Beth Hirsch Berman, Esq.
WILLIAMS MULLEN
999 Waterside Drive, Suite 1700
P. O. Box 3460
Norfolk, VA 23510
(757) 629-0604

# EXHIBIT A

PAGE 2/20 · RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] · SVR:WMCD-FAX/0 · DNIS:0 · CSID:757 631 3266 · DURATION (mm-ss):05-30

A L I A S
**SUMMONS**

IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT
OF THE NINETEENTH JUDICIAL CIRCUIT,
LAKE COUNTY, ILLINOIS

G.M. SIGN, INC., an Illinois corporation,
individually and as the representative of a
class of similarly-situated persons,

Plaintiffs )

No. 06 CH 2708

vs.

COASTAL TRAINING TECHNOLOGIES
CORP.,

Defendants )

Please serve:

Any Employee
Coastal Training Technologies Corp.
500 Studio Drive
Virginia Beach, VA  23452

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

SEAL
OF
COURT

WITNESS SALLY D. COFFELT, Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of
MAY 0 1 2007 A.D., 20 ____

SALLY D. COFFELT _____

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Anderson + Wenca
3701 Algonquin Road, Suite 760
Address Rolling Meadows, IL  60008
Telephone 847/368-1500

Date of Service: _____, 20 ____
(To be inserted by officer on copy left with defendant or other person.)

171-138  Rev 8/00

PAGE 3/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

IN THE CIRCUIT COURT OF 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS



G.M. SIGN, INC., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
                 Plaintiff, )        06 CH 2708
                              )
    v.                        )
                              )
COASTAL TRAINING TECHNOLOGIES )
CORP., )
                              )
               Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, G.M. SIGN, INC., an Illinois corporation (herein "Plaintiff"), brings this action

on behalf of itself and all other persons similarly situated, through its attorneys, and except as to

those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon

personal knowledge, alleges the following upon information and belief against Defendant,

COASTAL TRAINING TECHNOLOGIES CORP. (herein "Defendant").

## PRELIMINARY STATEMENT

1.     This case challenges Defendant's policy and practice of faxing unsolicited

advertisements to persons in Illinois and other states.

2.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a

person or entity within the United States from sending or having an agent send unsolicited faxed

advertisements. The TCPA provides a private right of action for violations, provides statutory

damages of $500.00 per violation, which may be trebled for knowing or willful violations, and

authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).

PAGE 4/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

3.    Unsolicited faxes damage the recipients. Recipients lose the use of their fax machine, paper, and ink toner. Unsolicited faxes also causes the recipients to waste valuable time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.    Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because the Defendant does business in Lake County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

2

05/17/2007   16:11   757-631-3266                                      PAGE  04/20

## PARTIES

9.     Plaintiff, G.M. SIGN, INC., is an Illinois corporation with its principal place of business in Round Lake, Illinois.

10.     On information and belief, Defendant, COASTAL TRAINING TECHNOLOGIES CORP., is a foreign corporation with its principal place of business at 500 Studio Drive, Virginia Beach, VA 23452.

## FACTS

11.     On or about June 5, 2006, Defendant transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

12.     Defendant knew or should have known that (i) Exhibit A was an advertisement and (ii) Defendant did not have permission or invitation to send Exhibit A to Plaintiff and the other members of the class.

13.     On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements to at least 39 other recipients.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

3

PAGE 6/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WMCD-FAX0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.   A class action is proper in that:

(a)   On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable;

(b)   There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)   Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)   Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)   Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(v)   Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi)   Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

4

(viii)   Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages.

18.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

19.   A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.   The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …." 47 U.S.C. § 227(b)(1).

21.   The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.   The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)   Both such actions.

PAGE 8/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WHCD-FAX/0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

23.     The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24.     If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

25.     Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26.     Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

27.     If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, COASTAL TRAINING TECHNOLOGIES CORP., as follows:

6

PAGE 9/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation;

C.     Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

D.     Awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual class member inclusive of all damages and fees.

### COUNT II
### CONVERSION

28.     Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 28 as though fully set forth herein.

29.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

30.     A class action is proper in that:

PAGE 09/20          757-631-3266          16:11   05/17/2007

(a)     On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

(iii)   Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)     Whether Defendant committed conversion; and

(vi)    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

31.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

8

PAGE 11/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:737 631 3266 * DURATION (mm-ss):05-30

32. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to its own use.

34. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper, toner, memory, and employee time.

35. Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

36. Plaintiff and the other class members were deprived of valuable resources, which because of Defendant could not be used for any other purpose. Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

37. Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, COASTAL TRAINING TECHNOLOGIES CORP., as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award damages;

9

PAGE 12/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WHCD-FAX/0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

C.     That the court award costs of suit; and

D.     Awarding such further relief as the court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

**COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

38.     Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 38 as though

fully set forth herein.

39.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

40.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)     There are questions of fact or law common to the class that predominate

over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)     Whether the facsimiles sent by Defendant were material

advertising the commercial availability of property, goods, and services;

10

PAGE 13/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

(iii)   Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)   Whether Defendant's practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

(vi)   Whether Defendant's practice of sending unsolicited faxes is oppressive;

(vii)   Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

(viii)   Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

(ix)   Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

41.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

42.   A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

11

PAGE 14/20 * RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:757 631 3266 * DURATION (mm-ss):05-30

43.     720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a \$500.00 fine for each violation of this criminal statute.

44.     Defendant's unsolicited fax practice is an unfair practice, because it violates state and federal public policy. It forced Plaintiff and the other class members to incur expense without any consideration.

45.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to forty or more persons.

46.     Defendant's misconduct caused economic damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant's faxes.

47.     Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption. By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

48.     Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

12

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, COASTAL TRAINING TECHNOLOGIES CORP., as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award damages to Plaintiff and the other class members;

C.    That the court award attorney fees and costs;

D.    Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

E.    Award such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

                          Respectfully submitted,

                          G.M. SIGN, INC., individually and as the
                          representative of a class of similarly-situated
                          persons

By:    _____
                          One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        DIAB & BOCK LLC
3701 Algonquin Road, Suite 760          20 N. Wacker Drive, Suite 1741
Rolling Meadows, IL 60008               Chicago, IL 60606
Telephone: 847/368-1500                 Telephone: 312/334-1970
Fax: 847/368-1501                       Fax: 312/334-1971
ARDC No. 3126474                        ARDC No. 6224502

13

# EXHIBIT A

PAGE 17/20 · RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] · SVR:WMCD-FAX/0 · DNIS:0 · CSID:757 631 3266 · DURATION (mm-ss):05-30

To: Bev Kelly

From: Tom Canty, CoastalAMI
Date: June 5, 2006

# It's the

# *Just June*

# Training Special!

**Buy 2, Get 1 FREE! Buy 3, Get 2 FREE! Buy 4, Get 3 FREE!**
**On ALL CoastalAMI DVDs & Videos!**
**Hurry, offer ends 6/30/06**

For your **FREE** 7-day preview call 888-201-7292,
fax page 2 back to 757-306-2533 or email
sales@coastalami.com today!

A $5 Dairy Queen Gift Certificate is yours FREE
when you order 3 previews by 6/10/06!



Another COOL treat from CoastalAMI, good at any DQ.

Offer available to the first 50 respondents! Limit 1 per customer. While supplies last!
**Call me for details! -** *Tom Canty*

If you have received this fax in error or wish to be removed from our list please call 800-824-3550.

CoastalAMI · 500 Studio Drive · Virginia Beach, VA 23452
Phone 888-201-7292 · Fax 757-306-2533 Email sales@coastalami.com · www.coastalami.com



PAGE 18/20 · RCVD AT 5/17/2007 5:14:02 PM [Eastern Daylight Time] · SVR:WMCD-FAX/0 · DNIS:0 · CSID:757 631 3266 · DURATION (mm-ss):05-30

To: Bev Kelly

From: Tom Canty, CoastalAMI
Date: June 5, 2006

**Offer Expires June 30!**

# It's the *Just June Training Special!*
## Buy 2, Get 1 FREE! Buy 3, Get 2 FREE! Buy 4, Get 3 FREE!
### On ALL DVDs & Videos!

Plus, preview any 3 of these training programs FREE
by 6/10/06 and get a $5 Dairy Queen Gift Certificate!

**SAMPLE**

### DVD/VHS

- ☐   *New Release!* Documenting Discipline II
- ☐ ☐ *New Release!* Harassment: The Real Scene
- ☐ ☐ *New Release!* Diversity: The Real Scene
- ☐ ☐ New Release! Love 'Em or Lose 'Em
- ☐ ☐ *New Release!* Sexual Harassment: Know Your Rights
- ☐ ☐ *New Release!* Telephone Customer Service: The Royal Connection
- ☐ ☐ *New Release!* Relationship Strategies
- ☐ ☐ *New Release!* Relationship Strategies II
- ☐ ☐ *New Release!* Difficult People: How To Deal With Them
- ☐ ☐ *New Release!* Harassment Is...
  Available in 5 versions!
  __Industrial __Retail __Professional __Hospitality __Government
- ☐ ☐ *New Release!* What You Are Is Where You Were When... AGAIN! With Morris Massey**

**These titles are not available in the June Special.

### DVD/VHS

- ☐ ☐ *Best Seller!* FISH!**
- ☐ ☐ *Best Seller!* It's About Respect: Recognizing Harassment In A Diverse Workplace
- ☐ ☐ *Best Seller!* Diversity: Food For Thought
- ☐ ☐ Beyond Appraisal: Managing Performance Everyday
- ☐ ☐ Clown (Diversity Awareness)
- ☐ ☐ Legal and Effective Performance Appraisals
- ☐ ☐ More Than A Gut Feeling III
- ☐ ☐ Avoiding Litigation Landmines
- ☐ ☐ The Sid Story
- ☐ ☐ 40 Hours: Invest In Yourself
- ☐ ☐ Documenting Discipline
- ☐ ☐ But I Don't Have Customers
- ☐ ☐ Sexual Harassment: Is It or Isn't It
- ☐ ☐ The Diversity Advantage: Food for Thought

*Coming Soon!*
- Care and Candor: Making Performance Appraisals Work
- Looking Forward: Your Performance Appraisal

To order, fax this form to 757-306-2533, call 888-201-7292 or email sales@coastalami.com.
## Please refer to code 0606-20-JUNEFX.

*The following information is required to receive your FREE 7-day previews:*

☐ **I am requesting 3 or more previews - please send my FREE $5 Dairy Queen Gift Certificate! Another cool treat from CoastalAMI!**

Name_____    Title_____

Company_____    Address_____

City_____    State_____    Zip_____

Phone_____    Fax*_____    Email_____

Signature*_____    Date_____    1971292

If you have received this fax in error or wish to be removed from our list please call 800-824-3550.

*Please note: by providing your fax number and signature, you agree to receive updates and special offers from CoastalAMI via fax. Previews are for evaluation only and may not be used for training. By ordering previews, customers accept the responsibility of returning previews via traceable means at their own expense. Free $5 Dairy Queen Gift Certificate offer applies to the preview of 3 or more programs. Limit one per customer. Offer ends 6/30/06. Limited to the first 50 respondents, while supplies last.

**COASTALAMI**

CoastalAMI · 500 Studio Drive · Virginia Beach, VA 23452
Phone 888-201-7292 · Fax 757-306-2533  Email sales@coastalami.com · www.coastalami.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on June 5, 2007, he caused a

true and correct copy of the foregoing **Defendant's Notice of Removal** to be served by

U.S. Mail delivery upon:

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
(847) 368-1500

Philip A. Bock
DIAB & BOCK LLC
20 N. Wacker Drive, Ste. 1741
Chicago, IL 60606
(312) 334-1971

A. Colin Wexler

1192675v1